A09A0363. IN THE INTEREST OF N. H., a child.

(677 SE2d 399)

BERNES, Judge.

The biological mother of N. H. appeals from the juvenile court's order finding the child deprived under OCGA § 15-11-2 (8) (A). The mother argues that there was insufficient evidence to find that N. H. was a deprived child and to award temporary custody of the child to the Fulton County Department of Family and Children Services ("DFCS"). We disagree and affirm.

> On appeal from a juvenile court's order finding deprivation, we review the evidence in the light most favorable to the juvenile court's judgment to determine whether any rational trier of fact could have found by clear and convincing evidence that the child was deprived. We neither weigh evidence nor determine the credibility of witnesses.

(Citations and punctuation omitted.) *In the Interest of A. A.*, 293 Ga. App. 471 (667 SE2d 641) (2008).

So viewed, the record reflects that on June 7, 2008, the female child N. H. was born six weeks premature with a low birth weight and breathing problems. The mother admitted that she had a history of prostitution and that the father of N. H. physically abused her while she was pregnant. The mother further admitted that she was a long-term crack cocaine addict who smoked crack while pregnant and had never been in a drug treatment program. Twice during the pregnancy, she tested positive for cocaine. As a result, N. H. was diagnosed "with cocaine affecting the fetus/newborn via the placenta

and breast milk." Additionally, the mother admitted that she smoked marijuana twice a day while pregnant with N. H.

During N. H.'s stay in the neonatal intensive care unit, the attending neonatal physician observed on at least one occasion that the mother was behaving erratically and appeared to be under the influence of illegal drugs. Due to her concerns that N. H. would be unsafe if discharged to the mother, the physician contacted DFCS. N. H. subsequently was placed into emergency shelter care on June 24, 2008. The following day, the mother submitted to a drug screen that came back positive for marijuana and opiates.

DFCS filed a deprivation petition, alleging, among other things, that N. H. was deprived as a result of her mother's substance abuse problem. On August 13, 2008, the juvenile court conducted an evidentiary hearing on the petition. Following the hearing, the juvenile court entered its order finding N. H. deprived and awarding temporary legal custody of the child to DFCS.

1. The mother maintains that there was insufficient evidence to support a finding that N. H. was deprived. We disagree. Clear and convincing evidence supported a finding of deprivation based upon the mother's chronic use of illegal drugs.[1]

Georgia law defines a deprived child as, among other things, "a child who . . . [i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals." OCGA § 15-11-2 (8) (A). In determining whether a child is without proper parental care or control, the juvenile court is entitled to consider, among other things, whether there is "excessive use of or [a] history of chronic unrehabilitated abuse of intoxicating liquors or narcotic or dangerous drugs or controlled substances" by the parent. (Citation omitted.) *In the Interest of K. W.*, 279 Ga. App. 319, 321 (631 SE2d 110) (2006). See OCGA § 15-11-94 (b) (4) (B) (ii). And, where there is clear and convincing evidence of such chronic unrehabilitated drug use, the juvenile court may infer an adverse impact on the child and find the child deprived under OCGA § 15-11-2 (8) (A). See *In the Interest of R. B.*, 285 Ga. App. 556, 559-560 (1) (647 SE2d 300) (2007); *In the Interest of K. W.*, 279 Ga. App. at 321-322; *In the Interest of J. L.*, 269 Ga. App. 226, 229 (1) (603 SE2d 742) (2004).

Construed in the light most favorable to the juvenile court's judgment, the evidence showed that the mother suffered from chronic illegal drug use. In this respect, the mother admitted at the hearing that she had been addicted to crack cocaine for five years and had smoked crack and marijuana during the pregnancy. Moreover,

---

[1] Based on this conclusion, we do not address the alternative grounds relied upon by the juvenile court to support the finding of deprivation.

there was evidence presented at the hearing that the mother's drug use continued and remained unrehabilitated after the birth of the child. Specifically, the mother tested positive for drugs eighteen days after the birth, and the neonatal physician testified that the mother appeared under the influence of drugs on at least one occasion when she visited the hospital to see the child. Additionally, the mother admitted that she had never entered or completed a drug treatment program to address her addiction.

It is true that the mother testified at the deprivation hearing that since the time of her last positive drug screen, she had given up drugs "because of [her] baby." But the juvenile court, as the trier of fact, was entitled to reject the mother's testimony when compared to the other evidence in the case. See *In the Interest of A. G.*, 293 Ga. App. 383, 387 (3) (667 SE2d 176) (2008) ("[T]he juvenile court is responsible for resolving conflicts in the evidence, weighing the evidence, and judging the credibility of the witnesses."). Here, the mother tested positive for drugs less than two months before the deprivation hearing and had struggled with hardcore drug addiction for many years without treatment. Under these circumstances, the juvenile court was entitled to find that the mother's testimony that she had recently and suddenly been cured of her drug addiction strained credulity. See *In the Interest of K. B. E.*, 291 Ga. App. 75, 79 (661 SE2d 217) (2008) (juvenile courts may assign little weight to "assertions of sudden parental fitness when compared to the other evidence") (punctuation and footnote omitted).

Given the evidence of the mother's chronic unrehabilitated drug use, the juvenile court was entitled to infer an adverse impact on the child. See *In the Interest of R. B.*, 285 Ga. App. at 559 (1); *In the Interest of K. W.*, 279 Ga. App. at 321; *In the Interest of J. L.*, 269 Ga. App. at 229 (1). Indeed, there was more than an inference of adverse impact in this case, given that there was testimony from the attending neonatal physician that the mother's cocaine use had affected the child through the placenta and the mother's breast milk. Under these circumstances, the juvenile court was authorized to find the child deprived under OCGA § 15-11-2 (8) (A). See id.

2. The mother also maintains that the juvenile court erred in awarding temporary custody of N. H. to DFCS. Again, we disagree.

"[A] finding that a child is deprived does not necessarily result in a loss of custody by the parent." *In the Interest of E. M.*, 264 Ga. App. 277 (590 SE2d 241) (2003). Rather, there must be proof of parental unfitness that is clear and convincing.[2] Id. Parental unfitness means

---

[2] Before the juvenile court can order removal of the child from the home, the court also must find that "continuation in the home would be contrary to the welfare of the child" and

"either intentional or unintentional misconduct resulting in the abuse or neglect of the child or by what is tantamount to physical or mental incapability to care for the child." *In the Interest of C. R.*, 292 Ga. App. 346, 351 (2) (665 SE2d 39) (2008). See also *In the Interest of J. P.*, 253 Ga. App. 732, 734 (560 SE2d 318) (2002). Where, as here, there is evidence of chronic unrehabilitated drug use, the juvenile court is entitled to find the parent unfit and award temporary custody to DFCS. See *In the Interest of C. R.*, 292 Ga. App. 346, 349-350 (1), 351 (2) (665 SE2d 39) (2008); *In the Interest of J. L.*, 269 Ga. App. at 229 (1). Compare *In the Interest of E. M.*, 264 Ga. App. at 281 (father's inability to secure stable housing and employment insufficient to establish parental unfitness). We therefore discern no ground for reversal.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 6, 2009.

*Yolanda Parker-Smith*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Leslie Y. Abbott, Kathryn A. Fox, Assistant Attorneys General, Amber N. Patterson*, for appellee.

---

that DFCS made "reasonable efforts . . . to preserve and reunify [the] famil[y] prior to the placement of [the] child in the custody of [DFCS], to prevent or eliminate the need for removal of the child from that child's home, and to make it possible for the child to return safely to the child's home." OCGA § 15-11-58 (a). See also 42 USC §§ 671 (a) (15), 672 (a) (2) (A) (ii). The juvenile court made these specific findings in its deprivation order, and the mother does not challenge them on appeal.