702 S.E.2d 701 (2010)
In the Interest of Q.A. et al., children.
No. A10A1261.
Court of Appeals of Georgia.
October 7, 2010.
Cynthia A. Lain, for Appellant.
Collins, Gordon & Henry, William F. Collins, Thurbert E. Baker, Atlanta, Shalen S. Nelson, Kathryn A. Fox, for Appellee.
McMURRAY, Senior Appellate Judge.
The biological mother of Q.A., T.P., A.P. and G.P. appeals from the juvenile court's order finding that the children remained deprived and extending temporary custody with the Fulton County Department of Family and Children Services ("DFCS"). The mother contends that the juvenile court was without jurisdiction to enter the order extending custody and challenges the sufficiency of the *702 evidence supporting the order. For the reasons discussed below, we affirm.
On appeal from an order extending temporary custody of a child with DFCS, we construe the evidence in the light most favorable to the juvenile court's findings. See In the Interest of Q.H., 291 Ga.App. 598, 662 S.E.2d 358 (2008). So viewed, the record reflects that Q.A., T.P. and A.P. came into the emergency care of DFCS due to abandonment. The mother had left the children with another adult but never returned to retrieve them. At the time of their removal from their mother's custody, Q.A. was six years old, T.P. was two years old and A.P. was one year old. Subsequently, the mother gave birth to G.P., who came into the emergency care of DFCS based on allegations that the mother could not care for him due to her drug abuse problem. G.P. was eight months old at the time of his removal.
The children were adjudicated deprived, and DFCS developed a reunification case plan requiring the mother, among other things, to obtain stable employment, submit to random drug screens, and attend scheduled visitations with her children. The case plan was approved by the juvenile court and thereafter reviewed by the court on a periodic basis.
On April 10, 2009, DFCS filed a motion to extend its temporary custody of the children on the ground that the mother had not completed all of her reunification case plan goals and the children remained deprived. See OCGA § 15-11-58(n). At the evidentiary hearing on the motion, the case manager testified that the mother had previously tested positive for drugs and over the past several months had refused to take any requested drug screens. The case manager further testified that the mother had not been consistently attending visitation with her children; she had attended only three out of seven scheduled visits over the past several months and had been incarcerated for two months within the last year.
The putative father of one of the children also testified at the hearing. He testified that he continued to see the mother on a regular basis. According to the father, the mother was a chronic drug user, and the children would not be safe in her custody. The father testified that only three or four days prior to the hearing, he had smoked marijuana with the mother and had sold her ecstacy pills. The father also testified that the mother did not have a job and had been planning to provide forged income tax records to her case manager for employment verification.
The mother took the stand and admitted that she had not remained drug free since the last court hearing. The mother conceded that she smoked marijuana when she was "stressed out" or when "something [was] going on with [her] family."
Following the evidentiary hearing, the juvenile court entered its order on July 8, 2009 finding that the children continued to be deprived and granting DFCS's motion for an extension of temporary custody. This appeal followed.
1. In several related enumerations of error, the mother contends that the juvenile court failed to hold an adjudicatory hearing and enter a finding of deprivation following the removal of Q.A., T.P. and A.P. from her custody. In support of this contention, the mother points to the fact that the record does not contain an original deprivation order entered after the children's removal. As such, the mother argues that the juvenile court lacked jurisdiction to grant the order extending temporary custody of the children because no original deprivation order was entered at the commencement of the case. We disagree.
While the record contains the original deprivation petition filed by DFCS when Q.A., T.P. and A.P. initially came into care, the record does not contain an original deprivation order entered by the juvenile court in response to the petition. Nevertheless, the record reflects that DFCS subsequently filed new deprivation petitions while the children remained in its care, and the juvenile court conducted adjudicatory hearings on those new petitions and then entered orders finding that the children were deprived. These subsequent deprivation orders, which were never appealed by the mother, are contained in the record, and the order extending custody *703 at issue in this appeal was an extension of one of those later deprivation orders. Accordingly, any procedural defect in the commencement of this case was rendered moot when DFCS thereafter filed new deprivation petitions, new adjudicatory hearings were held on those petitions, and the juvenile court then entered orders granting those petitions and finding that the children continued to be deprived.
2. The mother also contends that there was insufficient evidence to support the juvenile court's order extending temporary custody of her children with DFCS. Again, we disagree.
"Pursuant to OCGA § 15-11-58(n)(3), a court which adjudicates a child deprived may extend the temporary custody order for an additional 12 months if, after satisfying certain procedural requirements, the court finds that the extension is necessary to accomplish the purposes of the original order." (Citation and punctuation omitted.) In the Interest of R.B., 285 Ga.App. 556, 559(1), 647 S.E.2d 300 (2007). Here, the purpose of the prior deprivation order was to ensure the safety and well-being of the children while the mother completed her reunification plan and prepared for the transition of her children back into her home. There was testimony at the hearing on the extension motion, however, which reflected that the mother still had not completed her reunification case plan goals of obtaining stable employment, submitting to random drug screens, and attending scheduled visitations with her children.[1] In light of this testimony, clear and convincing evidence supported the juvenile court's conclusion that the prior deprivation order needed to be extended in order to accomplish its purpose. See id. at 559-560(1), 647 S.E.2d 300. See also In the Interest of D.B., 277 Ga.App. 454, 459-460(3), 627 S.E.2d 101 (2006).
Clear and convincing evidence likewise supported the juvenile court's conclusion that the children remained deprived.
Georgia law defines a deprived child as, among other things, a child who is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals. OCGA § 15-11-2(8)(A). In determining whether a child is without proper parental care or control, the juvenile court is entitled to consider, among other things, whether there is excessive use of or a history of chronic unrehabilitated abuse of intoxicating liquors or narcotic or dangerous drugs or controlled substances by the parent.... See OCGA § 15-11-94(b)(4)(B)(ii). And, where there is clear and convincing evidence of such chronic unrehabilitated drug use, the juvenile court may infer an adverse impact on the child and find the child deprived under OCGA § 15-11-2(8)(A).
(Citations and punctuation omitted.) In the Interest of N.H., 297 Ga.App. 344, 345(1), 677 S.E.2d 399 (2009).
Construed in the light most favorable to the juvenile court's judgment, there was evidence that the mother was a chronic drug user who remained unrehabilitated even after her children had been removed from her custody. This evidence of chronic unrehabilitated drug use, along with the evidence that the mother had not completed her reunification case plan goals, authorized the juvenile court to conclude that the children would continue to be deprived if they were returned to the mother. See In the Interest of R.B., 285 Ga.App. at 559-560(1), 647 S.E.2d 300; In the Interest of N.H., 297 Ga.App. at 345-346(1), 677 S.E.2d 399; In the Interest of D.B., 277 Ga.App. at 459-460(1), 627 S.E.2d 101. It follows that the juvenile court did not err in granting the extension of temporary custody to DFCS. See id.
Judgment affirmed.
BARNES, P.J., and Senior Appellate Judge G. ALAN BLACKBURN concur.
NOTES
[1] To the extent that there was conflicting testimony as to whether the mother had completed certain goals of her case plan, it was the role of the juvenile court rather than the appellate courts to resolve those conflicts and judge the credibility of the various witnesses. See In the Interest of N.H., 297 Ga.App. 344, 346(1), 677 S.E.2d 399 (2009).